IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

BRIAN J. P. O'CONNOR,⠀⠀⠀⠀⠀⠀) ⠀⠀CIVIL NO. 14-00507 HG-KSC
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Plaintiff,⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀vs.⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
CHRISTOPHER KAPUA-ALLISON;⠀⠀)
JOSHUA H. F. GOUVEIA; COUNTY OF )
HAWAII; JOHN DOES 1-10,⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Defendants.⠀⠀)
_____ )

**AMENDED ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (ECF NO. 24) AND DENYING LEAVE TO AMEND**

This case arises out of Plaintiff Brian J. P. O'Connor's arrest and state court criminal convictions for driving under the influence of an intoxicant and without a licence.  In his state court criminal proceeding, Plaintiff was charged with five counts including operating a vehicle under the influence of an intoxicant; refusal to submit to a breath, blood, or urine test; driving without a licence; reckless driving; and resisting an order to stop a motor vehicle.

In the state court proceeding, Plaintiff entered into a plea agreement whereby three of the five charges were dropped, and he plead no contest to the remaining charges of driving under the influence of an intoxicant and driving without a license. Plaintiff also waived his right to a jury trial.  The state court

1

judge found him guilty of both charges and judgments were entered against him.

Plaintiff's driver's license was administratively revoked. An administrative hearing was conducted by the Hawaii Administrative Driver's License Revocation Office ("Hawaii Administrative Dr. Lic. Rev. Off.") regarding the revocation of Plaintiff's driver's license.  The Hearings Officer gave Plaintiff the option of contesting the revocation and calling witnesses, including the officers, or accepting a reduction in his revocation from two years to one year.  Plaintiff agreed to the reduction in the length of his driver's license suspension in exchange for not contesting the revocation.  The Hearings Officer found that there existed reasonable suspicion to stop Plaintiff's vehicle, probable cause to believe that Plaintiff operated the vehicle while under the influence of an intoxicant, and that the preponderance of the evidence proved that Plaintiff was operating a vehicle while under the influence of an intoxicant.  The Hearings Officer reduced the period of administrative revocation from two years to one year.

Plaintiff originally sued the Hawaii Administrative Dr. Lic. Rev. Off. in this action, but has since stipulated to the dismissal of the Hawaii Administrative Dr. Lic. Rev. Off. and of all claims against it.

Plaintiff's remaining claims are against the County of

Hawaii and Hawaii County police officers Christopher Kapua-Allison and Joshua H. F. Gouveia.  Plaintiff brings constitutional and state law claims against them regarding the circumstances surrounding his arrest and the resulting criminal charges and convictions.

Plaintiff is an attorney licensed in Hawaii and is representing himself.

Defendant police officers Christopher Kapua-Allison, Joshua H. F. Gouveia, and the County of Hawaii have filed a Motion to Dismiss Plaintiff's Complaint with prejudice.  Because Plaintiff has failed to state a claim on any of the grounds set forth in his Complaint, Defendants' Motion to Dismiss (ECF No. 24) is **GRANTED**.

Plaintiff is **DENIED** leave to amend and this action is **DISMISSED**.

## PROCEDURAL HISTORY

On November 10, 2014, Plaintiff filed his Complaint.

On January 15, 2015, Defendant Administrative Driver's License Revocation Office filed a Motion to Dismiss. (ECF No. 6.)

On February 26, 2015, the parties stipulated to the dismissal of the Administrative Driver's License Revocation Office and all claims against it, with prejudice. (ECF No. 21.)

On March 3, 2015, the Court entered a Minute Order dismissing Defendant Administrative Driver's License Revocation

3

Office with prejudice pursuant to the parties' stipulation. (ECF No. 23.)

On March 16, 2015, Defendants Kapua-Allison, Gouveia and Hawaii County filed a Motion to Dismiss the Complaint. (ECF No. 24.)

On March 17, 2015, the Court issued a Minute Order setting a briefing schedule on Defendants' Motion to Dismiss which ordered Plaintiff to file an Opposition by April 1, 2015. (ECF No. 26.) Plaintiff failed to file an Opposition by that date.

By May 27, 2015, Plaintiff had still failed to file an Opposition and, on that date, the Court entered a Minute Order detailing its extensive efforts to contact Plaintiff to no avail. (ECF No. 27.) The Court gave Plaintiff until June 10, 2015 to contact the Court before dismissing the action with prejudice for failure to prosecute. (ECF No. 27.)

On June 1, 2015, Plaintiff contacted the Courtroom Manager and stated that he wanted to pursue the case. (ECF No. 28.)  The Court gave Plaintiff until June 10, 2015 to file an Opposition to Defendants' Motion to Dismiss. (ECF No. 28.)

On June 10, 2015, Plaintiff filed an Opposition. (ECF No. 29.)

On June 26, 2015, Defendants filed a Reply. (ECF No. 30.)

On August 11, 2015, this matter came on for hearing.  (ECF No. 32.)

## BACKGROUND

### A.    Allegations in Plaintiff's Complaint

Plaintiff alleges that the police violated his constitutional rights and committed various state common law torts when arresting him for driving under the influence of an intoxicant.  According to the Complaint, on the night of November 11, 2012, Plaintiff was driving along the Hamakua Coast headed toward Hilo, Hawaii. (ECF No. 1, Compl. ¶ 9.)  Plaintiff alleges that a private citizen phoned the Hawaii Island Police Department and complained that Plaintiff was driving erratically.  (Id. ¶ 9.)

The police pulled Plaintiff over.  (Id. ¶ 11.)  According to the Complaint, after the stop, Officer Kapua-Allison told Plaintiff that someone had made a complaint about his erratic driving. (Id. ¶ 12.)  Plaintiff asked if he could request that a "cross complaint be filed against the private citizen" who complained about his erratic driving. (Id.)  This was one of four requests Plaintiff stated he made to file a "cross complaint" against the private citizen. (Id.)

According to the criminal charges in the state proceeding, Plaintiff failed the field sobriety test and was placed under arrest. (Id. ¶¶ 13, 17.)  Plaintiff complains that Officer Kapua-Allison's police report falsely stated that he failed the field sobriety test. (Id. ¶ 13.)

5

According to the Complaint, after Plaintiff was placed under arrest, another police officer took him to the police station in Hilo, Hawaii, where Plaintiff was placed in the intake holding area. (Id. ¶¶ 14-15.)  After some time, Defendant Kapua-Allison came to the room, sat down in front of a computer, and began asking Plaintiff general information and typing the answers into his computer. (Id. ¶ 15.)  Plaintiff and Defendant Kapua-Allison were separated by a large glass partition and concrete walls. (Id.)

The Complaint states that during a lull in the questioning, Plaintiff again asked Officer Kapua-Allison if he could make a cross complaint against the private citizen who reported him for suspected drunk driving. (Id. ¶ 15.)  Plaintiff alleges that Officer Kapua-Allison, who was still separated from Plaintiff by the glass partition and concrete walls, became angry, stood up and leaned his body into the glass partition and, in an intimidating manner, told Plaintiff to behave. (Id.)  According to Plaintiff, he felt fear and thought that Officer Kapua-Allison meant to harm him. (Id.)

Plaintiff states that he was then moved to another room that had a breathalyzer test apparatus. (Id. ¶ 16.)  Plaintiff alleges that he then immediately asked, for a third time, if he could file a cross complaint against the private citizen. (Id.) Plaintiff alleges that Officer Kapua-Allison again became angry,

flipped over the paperwork he had in front of him and leaned menacingly toward Plaintiff. (Id.)  Plaintiff does not allege that Officer Kapua-Allison verbally or physically threatened him.

Plaintiff further alleges that Officer Gouveia was standing right next to a desk in the room "with what Plaintiff believes to be a taser." (Id.) Plaintiff does not state the basis for his belief that there was a taser.  The location of the possible taser is not stated.  Plaintiff does not allege that either officer ever had a taser in or near his hand or that either one ever threatened to use the taser on him.

Plaintiff did not take the breathalyzer test while at the police station. (Id. ¶ 19.)  According to documentation by Officers Kapua-Allison and Gouveia, Plaintiff refused to take the breathalyzer test, but Plaintiff contends that he requested to take it three times.  (Id. ¶ 25.)

According to the Complaint, in the early morning hours of November 12, 2014, Plaintiff was placed in a jail cell in the police station. (Id. ¶ 26.)  Plaintiff claims that he was not allowed to make a phone call for some time because the intercom of his jail cell was turned off. (Id. ¶ 27.)   Plaintiff complains that the cell was brightly lit, the mattress was uncomfortable, and this affected his ability to sleep. (Id. ¶ 28.)

7

**B.   Criminal Charges Against Plaintiff**

In the state District Court of the Third Circuit for the State of Hawaii, Plaintiff was charged with five counts:

**Count 1**: operating a vehicle under the influence of intoxicant pursuant to Haw. Rev. Stat. § 291E-61(a).

**Count 2**: refusal to submit to breath, blood, or urine test pursuant to Haw. Rev. Stat. § 291E-15.

**Count 3**: driving without a license pursuant to Haw. Rev. Stat. § 286-102(b).

**Count 4**: reckless driving pursuant to Haw. Rev. Stat. § 291-2.

**Count 5**: resisting an order to stop a motor vehicle pursuant to Haw. Rev. Stat. § 710-1027(1).[1]

On April 29, 2013, the District Court of the Third Circuit

---

[1] Defendants have attached the record of Plaintiff's criminal and administrative proceedings to the Declaration of attorney Lerisa L. Heroldt attached to Defendants' Memorandum in Support of Motion to Dismiss. Those documents include: a certified copy of the of the Calendar in State of Hawai`i v. Brian J.P. O'Connor, District Court of the Third Circuit, State of Hawai`i, Case No. 3DCW-12-0000830 (Exhibit 2); a certified copy of the Notice of Entry of Judgment (Exhibit 3); the Findings of Fact, Conclusions of Law and Decision of the Administrative Driver's License Revocation Office, dated January 8, 2013 (Exhibit 4); and the Administrative Driver's License Revocation Office's Notice of Administrative Hearing Decision, dated January 8, 2013 (Exhibit 5).  (Exhibits 1-5 to Defendants' Memorandum in Support of Motion to Dismiss and Declaration of Lerisa L. Heroldt, ECF Nos. 24-5 through 24-8.)  Plaintiff refers to the Administrative Driver's License Revocation Office and state court proceedings in his compliant and, pursuant to Fed. R. Evid. 201, the Court takes judicial notice of these documents as public records.

entered a "Notice of Entry of Judgment and/or Order" for each of the five counts against Plaintiff. (Notice of Entry of Judgment, attached as Ex. 3 to Defendants' Memorandum in Support of Motion to Dismiss, ECF No. 24-6.)  The state court docket sheet for the criminal proceeding against Plaintiff also details the disposition of all counts against him. (State Court Docket last updated August 29, 2013, attached as Ex. 2 to Defendants' Memorandum in Support of Motion to Dismiss, ECF No. 24-5.)  The docket sheet lists all filings and the text of the court minutes. A review of the minutes and filings shows that Plaintiff had the opportunity to, and did, file motions for discovery and to suppress evidence.

As to Count 1, operating a vehicle under the influence of intoxicant pursuant to Haw. Rev. Stat. § 291E-61(a), Plaintiff pled no contest and was found guilty.  As to Count 3, driving without a license pursuant to Haw. Rev. Stat. § 286-102(b), Plaintiff also pled no contest and was found guilty.  Counts 2, 4, and 5 were *nolle prosequi* by the prosecutor per the plea agreement and dismissed by the court.

Although Plaintiff pled no contest to two charges, and the remaining charges were dismissed per a plea agreement, Plaintiff now complains that the County of Hawaii did not produce Officers Kapua-Allison and Gouveia at his criminal trial on April 29, 2013. (Complaint at ¶ 32, ECF No. 1.)

C.   **Administrative Driver's License Revocation Proceeding Against Plaintiff**

Plaintiff's driver's license was administratively revoked. On January 8, 2013, an administrative hearing was conducted by the Hawaii Administrative Driver's License Revocation Office ("Hawaii Administrative Dr. License Rev. Off.") regarding the revocation of Plaintiff's driver's license.  The Hearings Officer gave Plaintiff the option of either contesting the underlying revocation and subpoenaing the officers or accepting a deal in which there was a reduction in the period of revocation from two years to one year based on Plaintiff's testimony that he did not understand the consequences of refusing to take a breath test. Plaintiff did not contest or dispute the administrative revocation of his driver's license for driving while under the influence of intoxicating liquor on November 11, 2012.  He received a reduction in the revocation of his license from two years to one year.  (January 8, 2013 Hawaii Administrative Driver's Lic. Rev. Off. Decision, attached as Ex. 4 to Defendants' Memorandum in Support of Motion to Dismiss, ECF No. 24-7.)

In the Notice of Administrative Hearing Decision, the Hearings Officer found the administrative revocation sustained for the following reasons:

1.   There existed reasonable suspicion to stop the vehicle;

2.   There existed probable cause to believe that

10

> [Plaintiff] operated the vehicle while under the
> influence of an intoxicant; and

3.   The evidence proves by the preponderance that
     [Plaintiff] operated the vehicle while under the
     influence of an intoxicant.

(January 8, 2013, Hawaii Administrative Driver's Lic. Rev. Off.
Notice of Administrative Hearing Decision, at p. 1., attached as
Ex. 5 to Defendants' Memorandum in Support of Motion to Dismiss,
ECF No. 24-8.)

Plaintiff, in this action, complains that the County did not
produce the police officers at his administrative hearing
concerning the revocation of his license.   In fact, at the
administrative hearing, Plaintiff did not contest the
administrative suspension of his driver's license and agreed he
did not wish to subpoena witnesses in the proceeding and would
not contest the underlying DUI. (Transcript of Proceedings Before
Administrative Driver's Lic. Rev. Off., attached as Ex. 6 to
Defendants' to Memorandum in Support of Motion to Dismiss, ECF
No. 24-9.)

**D.   Stipulation to Dismiss Defendant Administrative Driver's
       License Revocation Office**

In the case before this Court, on February 26, 2015,
Plaintiff and the Hawaii Administrative Driver's Lic. Rev. Off.
entered into a stipulation for dismissal of all claims against
the Hawaii Administrative Driver's Lic. Rev. Off. which the Court

11

approved.  (Stipulation for Dismissal, ECF No. 21; Minute Order

approving Stipulation for Dismissal, ECF No. 23.)  In light of

the stipulation for dismissal, Plaintiff cannot complain that the

Hawaii Administrative Dr. License Rev. Off. violated his

constitutional rights.

<strong><u>STANDARD OF REVIEW</u></strong>

Federal Rule of Civil Procedure 12(b)(6) allows dismissal

where a complaint fails "to state a claim upon which relief can

be granted." <u>Salmon Spawning & Recovery Alliance v. Gutierrez</u>,

545 F.3d 1220, 1225 (9th Cir. 2008). The complaint must contain

"a short and plain statement of the claim showing that the

pleader is entitled to relief."  Fed. R. Civ. P. Rule 8(a)(2).

Rule 8 of the Federal Rules of Civil Procedure "does not require

'detailed factual allegations,' but it demands more than an

unadorned, the-defendant-unlawfully-harmed-me-accusation."

<u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)(quoting <u>Bell Atlantic</u>

<u>Corporation v. Twombly</u>, 550 U.S. 544, 555 (2007)). A pleading

must provide "more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action." The factual

allegations in a pleading "must be enough to raise a right to

relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555.

A complaint survives a motion to dismiss when it contains

sufficient factual matter, accepted as true, to state a claim for

12

relief that is plausible on its face. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content of the complaint allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard does not require probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). A complaint that pleads facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The Court need not accept as true, however, allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010)(documents attached to the complaint and matters of public record may be considered on a motion to dismiss).

## ANALYSIS

**Causes of Action in Plaintiff's Complaint**

The Complaint asserts the following causes of action against the Defendants County of Hawaii and Officers Kapua-Allison and Gouveia:

First Cause of Action: Plaintiff alleges that Defendants acted under a policy, practice, custom, statute or regulation that violated Plaintiff's rights under the United States and Hawaii State Constitutions. Plaintiff cites the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution and Article I, Sections 5, 6, 7, 12 and 14 of the Constitution of the State of Hawaii as well as Hawaii Revised Statutes, Chapter 291E. (ECF No. 1, ¶¶ 34-36.)

Second Cause of Action (Abuse of Process): Plaintiff alleges that Officers Kapua-Allison and Gouveia engaged in abuse of process by "intentionally, willfully, knowingly, or maliciously perverting the County of Hawaii and ADLRO process." (ECF No. 1, 37-40.)

Third Cause of Action (Assault): Plaintiff alleges that Officer Kapua-Allison acted outside the scope of his employment when he became angry and engaged in an intentional display of force while Plaintiff was at the police station. (ECF No. 1, ¶¶ 41-43.)

Fourth Cause of Action (False Imprisonment): Plaintiff alleges that the County of Hawaii, among other wrongs, detained him too long and "unlawfully extended his freedom from restraint of movement." (ECF No. 1, ¶¶ 44-47.)

Fifth Cause of Action (Negligence): Plaintiff alleges that Officers Kapua-Allison and Gouveia, along with the County of Hawaii, as their supervisor, are liable for Officers Kapua-Allison and Gouveia's allegedly negligent conduct committed within the scope of their employment as Hawaii County police officers. (ECF No. 1, 48-50.)[2]

_____

[2] Plaintiff's Sixth Cause of Action for "due process and vagueness" was against the Hawaii Administrative Driver's Lic. Rev. Off. only. Since the Hawaii Administrative Driver's Lic. Rev. Off. and all claims against it have been dismissed with

**Waiver, Collateral Estoppel, and the *Rooker-Feldman* Doctrine**

Plaintiff, in essence, is attempting to re-litigate his state court criminal and administrative driver's license revocation proceedings in federal court.  As discussed further below, several legal doctrines - waiver, collateral estoppel, and the *Rooker-Feldman* doctrine[3] - prevent Plaintiff from being able to do so.  Plaintiff has waived any right to contest the basis for his criminal convictions and driver's license revocation and has not stated grounds upon which an independent constitutional claim could be based.

In the state criminal proceeding, the prosecutor agreed to dismiss three of the charges against Plaintiff per a plea agreement and Plaintiff pled no contest to the remaining two charges.  By entering into a plea and pleading no contest, Plaintiff waived his right to contest whether there was probable cause to arrest him and to claim that the County of Hawaii and/or Officers Kapua-Allison and Gouveia violated his rights by not appearing in court.  In pleading no contest, Plaintiff expressly waived his right to a jury trial.  Had Plaintiff wanted a full

---

prejudice, Plaintiff's Sixth Cause of Action has been dismissed. (ECF No. 23, Minute Order approving Stipulation to Dismiss ADLRO with prejudice.)

[3] The Rooker-Feldman doctrine is a rule of civil procedure enunciated by the United States Supreme Court in two cases, <u>Rooker v. Fidelity Trust Co</u>, 263 U.S. 413 (1923) and <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983)<u>.</u>

trial with testimony from the officers, he could have pled not guilty.  Plaintiff received a benefit from his plea deal.  Under the *Rooker-Feldman* doctrine, this Court cannot sit as an appellate court and re-examine the basis for Plaintiff's arrest and conviction.

The same is true with the proceedings before the Administrative Driver's License Revocation Office. In the Hawaii Administrative Driver's Lic. Rev. Off. proceeding, Plaintiff expressly waived his right to contest the revocation of his driver's license and the procedures leading to it.  (Transcript of Hawaii Administrative Driver's Lic. Rev. Off. Proceedings at 2:13-17, 25; 3:10, attached as Ex. 6 to Defendants' Memorandum in Support of Motion to Dismiss, ECF No. 24-9); see <u>United States v. Amwest Surety Ins. Co.</u>, 54 F.3d 601, 602 (9th Cir. 1995).[4]

## I.   **First Cause of Action - Plaintiff's Constitutional Based Claims**

Plaintiff brings federal constitutional claims under the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution and corresponding claims under the Hawaii State Constitution. (Complaint at ¶ 36, ECF No. 1.)

---

[4]   The Court finds that it may consider the contents of the Hawaii Administrative Driver's Lic. Rev. Off. hearing transcript in the context of Defendants' Motion to Dismiss because what transpired at the Hawaii Administrative Driver's Lic. Rev. Off. hearing is incorporated into the Complaint by reference and, as a public record, is a proper matter for judicial notice.  <u>See Coto Settlement v. Eisenberg</u>, 593 F.3d 1031, 1038 (9th Cir. 2010); Fed. R. Evid. 201.

16

Plaintiff's claims under the United States Constitution are brought pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).

Plaintiff combines all of his constitutional claims into a single count.  For clarity the Court separates Plaintiff's claims by constitutional amendment and addresses each claim in turn.

**A.     Plaintiff Has Failed to State a Fourth Amendment Claim**

Plaintiff's Fourth Amendment claim is based on his allegedly improper arrest and detention.  (Complaint at ¶ 36, ECF No. 1.) "A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." Lacey v. Maricopa Cnty., 693 F.3d 896, 918 (9th Cir. 2012) (quoting Dubner v. City & Cnty. of S.F., 266 F.3d 959, 964 (9th Cir.2001)).

Plaintiff has failed to state a Fourth Amendment claim because it is undisputed that there was probable cause to arrest him.  In the Criminal Proceeding, Plaintiff pled no contest and was convicted of operating a vehicle under the influence of intoxicant pursuant to Haw. Rev. Stat. § 291E-61(a) and of driving without a license.  At the Hawaii Administrative Driver's Lic. Rev. Off. proceeding, Plaintiff elected not to contest his

driver's license revocation in exchange for a reduction in his
license revocation from a period of two years to one year.  The
Hawaii Administrative Driver's Lic. Rev. Off. further determined
that "[b]ased on the preponderance of the evidence considered at
the hearing . . .[t]here existed probable cause to believe that
[Plaintiff] operated the vehicle while under the influence of an
intoxicant." (January 8, 2013 Hawaii Administrative Driver's Lic.
Rev. Off. Notice of Administrative Hearing Decision at p. 1,
attached as Ex. 5 to Defendants' Memorandum in Support of Motion
to Dismiss, ECF No. 24-8.)  Plaintiff's pleas that resulted in
his conviction in the Criminal Proceeding and the Hawaii
Administrative Driver's Lic. Rev. Off.'s findings conclusively
establish the existence of probable cause in this action.

The record shows that Plaintiff had a full and fair
opportunity to litigate the issue of probable cause in the state
criminal and administrative proceedings but he chose to enter
into plea agreements.  He is now estopped from re-litigating the
probable cause issue in this case.  See Haupt v. Dillard, 17 F.3d
285, 290 (9th Cir. 1994) (collateral estoppel applied where
plaintiff in civil rights suit had full and fair opportunity to
litigate the issue of probable cause during the course of his
criminal prosecution); see McIntosh v. Prestwich, 277 Fed. Appx.
683, 2008 WL 1944812, at *1 (9th Cir. 2008) ("The district court
properly dismissed McIntosh's Fourth Amendment claim because he

18

was collaterally estopped from relitigating the probable cause determination made at his preliminary hearing."); Santos v. State Dep't of Transp., 646 P.2d 962, 966 (Haw. 1982) (citation omitted) (Under Hawaii law, "[t]he doctrines of res judicata and collateral estoppel also apply to matters litigated before an administrative agency.").

In the proceeding before the Hawaii Administrative Driver's License Rev. Off. Plaintiff chose to accept a reduction in the length of his revocation from two years to one year instead of contesting his revocation.  The Hearings Officer explained that Plaintiff had the option of contesting his revocation, but Plaintiff voluntarily elected not to contest it. (January 8, 2013 Hawaii Administrative Driver's Lic. Rev. Off. Hearing Transcript, attached as Ex. 6 to Defendants' Memorandum in Support of Motion to Dismiss, ECF No. 24-9.)

**Collateral estoppel/issue preclusion**

Collateral estoppel/issue preclusion applies where: (1) the issue decided in the prior adjudication is identical to the one presented in the action in question; (2) there is a final judgment on the merits; (3) the issue decided in the prior adjudication was essential to the final judgment; and (4) the party against whom [issue preclusion] is asserted was a party or in privity with a party to the prior adjudication. Dorrance v. Lee, 976 P.2d 904, 911 (Haw. 1999). Each of these four elements

19

is satisfied as to Plaintiff's claim that Defendants violated his rights under the Fourth Amendment.

This case is similar to Cooper v. Ramos, 704 F.3d 772, 784 (9th Cir. 2012).  In that case, the plaintiff attempted to bring a constitutional claim based on alleged government misconduct. The Ninth Circuit Court of Appeals held that collateral estoppel applied to bar plaintiff's claim because it had already been litigated and decided in state court. (Id.)

### Rooker-Feldman Doctrine

To the extent Plaintiff is asking this Court to function as an appellate court in reviewing his state court conviction, his action is barred by the Rooker-Feldman doctrine. "The Rooker-Feldman doctrine instructs that federal district courts are without jurisdiction to hear direct appeals from the judgments of state courts." Cooper, 704 F.3d at 777. Plaintiff's Fourth Amendment claim is tantamount to a direct appeal of his state court conviction.  A key test for whether the Rooker-Feldman doctrine applies is whether plaintiff's claim is independent or inextricably intertwined with the state court judgment. Cooper, 704 F.3d at 778.  The question of whether the officers had probable cause to arrest and detain Plaintiff is inextricably intertwined with the state court decision.  This is because a finding of no probable cause would effectively reverse the state court decision. Fontana Empire Ctr., LLC v. City of

20

Fontana, 307 F.3d 987, 992 (9th Cir. 2002) (claims were inextricably intertwined where "the relief requested in the federal action would effectively reverse the state court decision or void its ruling.") (citation and quotation omitted).

For these reasons, Plaintiff has not and cannot state a claim against any of the Defendants under the Fourth Amendment.

**B.   Plaintiff Has Failed to State a Fifth Amendment Claim**

The Fifth Amendment of the United States Constitution applies only to actions of the federal government.  Because Plaintiff's action is against the County of Hawaii, the Fifth Amendment does not apply.  See Binque v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008) ("the Fifth Amendment's due process clause only applies to the federal government.").

Plaintiff argues that the Fifth Amendment applies to the County of Hawaii because it may accept highway funds from the federal government. (Opposition at p. 12, ECF No. 29.)  Plaintiff cites no authority for this proposition and it is not supported by case law.  See Wheat v. Mass, 994 F.2d 273, 276 (5th Cir. 1993) (hospital's receipt of federal funds by virtue of its participation in organ sharing network did not make hospital a federal actor for purposes of Fifth Amendment equal protection claim).

In any event, a Fifth Amendment due process claim against the federal government is the same as a Fourteenth Amendment due

process claim against a state or local government.  Binque, 512 F.3d at 1174 (citing Betts v. Brady, 316 U.S. 455 (1942) ("Due process of law is secured against invasion by the federal Government by the Fifth Amendment and is safe-guarded against state action in identical words by the Fourteenth."), overruled on other grounds by Gideon v. Wainwright, 372 U.S. 335 (1963)). Plaintiff's Fourteenth Amendment claim is dismissed infra.

Plaintiff has not and cannot state a Fifth Amendment claim.

**C.  Plaintiff Has Failed to State an Eighth Amendment Claim**

Plaintiff's Eighth Amendment claim is directed against Defendants Kapua-Allison and Gouveia.  Plaintiff has voluntarily dismissed his Eighth Amendment claim.  (Opposition at p. 4, ECF No. 29.)

Even if Plaintiff had not dismissed this claim, the Eighth Amendment does not apply as a matter of law.  The Eighth Amendment's prohibition of "cruel and unusual punishments" applies only "after conviction and sentence."  Graham v. Connor, 490 U.S. 386, 393 n.6 (1989) (citing Ingraham v. Wright, 430 U.S. 651, 671 n.40 (1977)).  Plaintiff's allegations pertain only to allegedly wrongful conduct prior to his conviction.

Plaintiff has not and cannot state an Eighth Amendment claim.

**D.    Plaintiff Has Failed to State a Due Process Claim Under the Fourteenth Amendment**

**1.    Plaintiff Fails to State a Claim Based on His Post-Arrest Detainment**

Plaintiff's Fourteenth Amendment claims regarding his post-arrest detainment fall into two categories: (1) an excessive force claim; and, (2) a deliberate indifference claim based on the conditions of his confinement.

In his Complaint, Plaintiff asserts these claims pursuant to the Eighth Amendment to the United States Constitution. (Complaint at ¶ 36, ECF No. 1.)  In Plaintiff's Opposition, he acknowledges that these claims are not Eighth Amendment claims but instead are brought pursuant to the Fourteenth Amendment to the United States Constitution.  (Pla.'s Opp. at p. 4, ECF No. 29).

**a.    Plaintiff Fails to State an Excessive Force Claim**

In order to state an excessive force claim under the Fourteenth Amendment, a pretrial detainee must provide allegations that the force purposefully or knowingly used against him was objectively unreasonable under the circumstances. Kingsley v. Hendrickson, 135 S.Ct. 2466, 2472-73 (2015).

Plaintiff's excessive force claim describes verbal interaction between him and Officer Kapua-Allison.  (Complaint at ¶¶ 15-16, 43, ECF No. 1.)  Taken in the light most favorable to Plaintiff, Officer Kapua-Allison intimidated Plaintiff by getting

angry, raising his voice, and leaning forward in an intimidating manner.  (Id.)

Plaintiff has failed to state an excessive force claim.  The allegations regarding Officer Kapua-Allison's conduct do not describe the use of any force against Plaintiff, let alone objectively unreasonable force.  Kingsley, 135 S.Ct. at 2473.

> **b.   Plaintiff Fails to State a Claim Based on the Conditions of His Confinement**

In order to state a Fourteenth Amendment claim based on the conditions of his confinement, a pretrial detainee must provide allegations that (1) he faced a substantial risk of serious harm, (2) the defendants were deliberately indifferent to that risk, and (3) the defendants' failure to act was a proximate cause of the harm that he suffered.  Castro v. Cnty. of Los Angeles, ___ F.3d ___, 2015 WL 4731366, *4, *6 (9th Cir. Aug. 11, 2015).

A defendant is deliberately indifferent to a substantial risk of serious harm when he knew of the risk but disregarded it by failing to take reasonable measures to address the danger.  Id. (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994)).

Plaintiff alleges that he had difficulty sleeping because the "jail cell was brightly lit and contained a flimsy plastic mattress upon a concrete bench."  (Complaint at ¶ 28, ECF No. 1.) Plaintiff's additional allegations about the conditions of his confinement state that he was delayed in making a phone call because the intercom in his cell was turned off.  (Id. at ¶ 27.)

24

Plaintiff has provided a detailed recitation of his post-arrest detention but has not alleged facts that state a deliberate indifference claim under the Fourteenth Amendment based on the conditions of his confinement.

The Complaint does not contain allegations to demonstrate that Plaintiff faced a substantial risk of serious harm while he was confined.  Plaintiff does not allege facts which show that either Officer Kapua-Allison or Officer Gouveia acted with deliberate indifference to a substantial risk of serious harm.

Plaintiff's constitutional rights were not violated by the alleged temporary deprivation of telephone privileges.  See Harrill v. Blount County, Tenn., 55 F.3d 1123, 1125 (6th Cir. 1995) (explaining that right to make a telephone call upon arrest is not a recognized property right or a tradition liberty interest recognized by federal law); State Bank of St. Charles v. Camic, 712 F.2d 1140, 1145 n.2 (7th Cir. 1993)(explaining that "[t]here is no constitutional requirement that a phone call be permitted upon completion of booking formalities.").

Finally, Plaintiff continues to complain about the police officers' failure to heed his request to file a cross-complaint against the citizen who reported him for drunk driving.  This argument has no basis.  Plaintiff does not have a constitutional right to have a particular person investigated. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a

judicially cognizable interest in the prosecution or nonprosecution of another"); see also Rennick v. City of Cincinnati, 2007 WL 2248818, *5 (S.D. Ohio 2007) ("Plaintiff has no constitutional right 'as a member of the public at large and as a victim' to have a particular person investigated") (quoting Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1998)).

**2. Plaintiff Fails to State a Due Process Claim Based on the County of Hawaii's Policies or Procedures**

Plaintiff's remaining due process claim under the Fourteenth Amendment pertains to the proceeding before the Hawaii Administrative Driver's License Revocation Office and to his state court criminal case. (Complaint at ¶ 36, ECF No. 1.) Plaintiff complains that he was forced to participate in the custody interrogation at the police station which, he contends, was erroneously documented; that the Hawaii Administrative Driver's Lic. Rev. Office did not investigate his allegations against Officer Kapua-Allison; and that Officers Kapua-Allison and Gouveia were not present at the Administrative Driver's License Revocation Office proceeding or in state court for his criminal case. (Id.)  Plaintiff also complains that he was not properly served with the Administrative Driver's License Revocation Office paperwork. (Id.)

Plaintiff's claims are barred by waiver, collateral estoppel, and the *Rooker-Feldman* doctrine.

In the state criminal proceeding, Plaintiff entered into a

26

plea agreement.  He pled no contest and waived his right to a
trial.  In the Hawaii Administrative Driver's Lic. Rev. Off.
proceeding, Plaintiff similarly agreed not to contest the
revocation of his license.  In doing so, Plaintiff also waived
any objection regarding allegedly defective service of the
paperwork for the Hawaii Administrative Driver's Lic. Rev. Off.
proceeding.  In accepting a plea deal, waiving his right to a
trial, and not contesting his driver's license revocation,
Plaintiff also waived any right to command the presence of
Officers Kapua-Allison and Gouveia at either the criminal or
administrative proceedings.

Plaintiff cannot now challenge the evidence used to support
the state court judgment or the revocation of his driver's
license. In the state criminal proceeding, Plaintiff had the
opportunity to, and did, argue that the procedures used to obtain
evidence, against him were improper.  In particular, Plaintiff
argued that the citizen who reported his drunk driving was
unreliable.[5]  Plaintiff is estopped from relitigating these

---

[5]  <u>See</u> Plaintiff O'Connor's "Motion to Depose Darrell M.
Silva" filed in State Court, attached as Ex. 8 to Defendants'
Memorandum in Support of Motion to Dismiss, ECF No. 24-11;
Plaintiff O'Connor's "Motion to Compel Discovery" filed in State
Court, attached as Ex. 9 to Defendants' Memorandum in Support of
Motion to Dismiss, ECF No. 24-12; Plaintiff O'Connor's "Motion to
Suppress &/or Dismiss" filed in State Court, attached as Ex. 10
to Defendants' Memorandum in Support of Motion to Dismiss, ECF
No. 24-13.  Exhibits 8, 9, and 10 to Defendants' Motion to
Dismiss are court filings by Plaintiff in the state criminal
proceedings before the Hawaii District Court of the Third

issues in this Court.  The issues raised here are the same issues
that Plaintiff could have, and did, raise in the state criminal
and administrative proceedings.

As with Plaintiff's Fourth Amendment claim, the *Rooker-
Feldman* doctrine applies to bar Plaintiff's Fourteenth Amendment
claims based on unlawful arrest, unlawful charges, and false
imprisonment.  Plaintiff was found guilty of driving under the
influence and of driving without a license.  In order to prevail
on his claims for unlawful arrest, unlawful charges, and false
imprisonment, Plaintiff must attack his convictions, including
the alleged lack of probable cause and improper procedures.
Under the *Rooker-Feldman* doctrine, however, he is barred from
doing so.  See Reusser v. Wachovia Bank, N.A., 525 F.3d 855,
858-59 (9th Cir. 2008) (*Rooker-Feldman* prohibits federal district
courts from exercising appellate jurisdiction over final state
court judgments.); Cooper, 704 F.3d at 781.

Plaintiff has not, and cannot state a claim a Fourteenth
Amendment claim.

### E.    Plaintiff's Hawaii State Constitutional Claims

For the same reasons that Plaintiff has failed to state
claims under the United States Constitution, Plaintiff has also
failed to state claims under the corresponding provisions of the

---

Circuit.  Pursuant to Fed. R. Civ. P. 201, this Court takes
judicial notice of these documents as public records.

28

Hawaii State Constitution.   See <u>Vernon v. City of Los Angeles</u>, 27 F.3d 1385, 1392 (9th Cir. 1994)("Where the state constitutional provisions are co-extensive with related federal constitutional provisions, we may decide the federal constitutional claims because that analysis will also decide the state constitutional claims.")

**II.   Second Cause of Action - Abuse of Process Claim**

Plaintiff's abuse of process claim is based on Officers Kapua-Allison and Gouveia's preparation of police reports which allegedly contained false or omitted information regarding Plaintiff's four requests to make a cross complaint against the citizen who reported him for drunk driving and regarding his alleged requests to take the breathalyzer test. (Complaint at ¶ 39, ECF No. 1.)   Plaintiff alleges that the report's indication that he refused to take the breathaylyzer test led to a charge against him. (<u>Id.</u>)   Plaintiff entered a not guilty plea as to this charge - (Count 2 - refusal to submit to breath, blood, or urine test pursuant to Haw. Rev. Stat. § 291E-15) - and it was dismissed per his plea agreement.

There are two essential elements in a claim for abuse of process: "(1) an ulterior purpose and (2) a willful act in the use of the process which is not proper in the regular conduct of the proceeding." <u>Young v. Allstate Ins. Co.</u>, 198 P.3d 666, 675 (Haw. 2008) (affirming dismissal of abuse of process claim in

action against insurer brought by accident victim) (citations and
internal quotation marks omitted). For the second element,
"'[p]rocess,' as used in the tort of 'abuse of process,' . . .
has been interpreted broadly to encompass the entire range of
'procedures' incident to litigation." Id. at 675-76 (quoting
Barquis v. Merchants Collection Ass'n, 496 P.2d 817, 824 n.4
(Cal. 1972)).

Plaintiff has failed to state an abuse of process claim.
Plaintiff has not alleged facts to establish the first element of
the claim - an ulterior purpose.  Plaintiff does not allege any
facts that would show that Defendants had a motive ulterior to
Plaintiff's criminal prosecution and license revocation for
driving under the influence.  Compare Dubois v. Ass'n of
Apartment Owners of 2987 Kalakaua, 453 F.3d 1175, 1181 (9th Cir.
2006) (affirming dismissal of abuse of process claim where
plaintiff alleged that foreclosure proceedings were initiated for
their intended purpose pursuant to relevant statute), with
McCollough v. Johnston, Rodenburg & Lauinger, LLC, 637 F.3d 939,
956 (9th Cir. 2011)(determining that collection proceeding was
initiated for something other than intended purpose, i.e., to
extract money from opposing party that was not owed, and litigant
knew it had no valid claim).

Moreover, Plaintiff's request that the Court re-examine the
evidence underlying Plaintiff's criminal conviction and driver's

30

license revocation is precluded by waiver, collateral estoppel and the *Rocker-Feldman* doctrine.

Plaintiff has failed to, and cannot state, an abuse of process claim.

## III. Third Cause of Action - Assault

Plaintiff alleges that twice while at the Hilo Police Station, Defendant Kapua-Allison's displays of anger and force made him fear for his safety and expect immediate bodily harm. (Complaint at ¶ 43, ECF No. 1.)

An assault claim is an intentional tort. In order to state a cause of action for assault a plaintiff must establish "(1) that defendant intended to cause harmful or offensive contact, or the imminent apprehension of such contact, and (2) that plaintiff was put in imminent apprehension of such contact." Pourny v. Maui Police Dep't, County of Maui, 127 F. Supp. 2d 1129, 1147 (D. Haw. 2000) (citing RESTATEMENT (SECOND) OF TORTS § 21 (1965)); Mukaida v. Hawaii, 159 F.Supp.2d 1211, 1223 (D. Haw. 2001)("[a] person commits the common law tort of assault if he or she acts with intent to cause another a nonconsensual harmful or offensive contact or apprehension thereof, and the other person apprehends imminent contact."). Whether a person's behavior creates fear of imminent harm must be reasonable and is determined from an objective standpoint. See Brooks v. United States, 29 F. Supp. 2d 613, 617 (N.D. Cal. 1998) (requiring that apprehension of

31

harmful or offensive conduct be reasonable); Wilk v. Abbott
Terrace Health Center, Inc., 2007 WL 2482486, at *8 (Conn. Super.
Aug. 15, 2007)("While no physical contact is required, the
apprehension must be one which would be normally aroused in the
mind of a reasonable person") (citation and quotation omitted);
cf. United States v. Acosta-Sierra, 690 F.3d 1111, 1118 (9th Cir.
2012) (adopting common law definition of assault in criminal
action for assault on federal officer which requires apprehension
of immediate bodily harm to be reasonable); United States v. Jim,
865 F.2d 211, 213 (9th Cir. 1989)(actual, reasonable fear, is a
necessary element of criminal assault by threat).

Even taking the facts alleged in Plaintiff's Complaint as
true, Plaintiff has failed to state a claim for assault as a
matter of law.  Plaintiff has not alleged facts based upon which
a finder of fact could find that Plaintiff had a reasonable
imminent apprehension of harm or offensive contact.  In the first
incident which took place during Plaintiff's initial interview, a
glass partition and a concrete wall separated Plaintiff and
Officer Kapua-Allison.  Plaintiff alleges that Officer Kapua-
Allison got angry, leaned against the glass partition, and, in an
intimidating manner, told Plaintiff to behave himself.
(Complaint at ¶ 15, ECF No. 1.)  Plaintiff alleges that Officer
Kapua-Allison again got angry while they were in the breathalyzer
testing room and flipped over papers in front of him and leaned

32

menacingly toward Plaintiff.  (Id. at ¶ 16.)  Plaintiff alleges
that Officer Gouveia was also in the test room and standing next
to a "the desk in this room with what Plaintiff believes to be a
taser." (Id.)

From an objective standpoint, based on the facts alleged,
Plaintiff could not have had a reasonable fear of imminent harm.
In the first incident which occurred during Plaintiff's initial
interview, Officer Kapua-Allison was behind a glass partition and
concrete wall.  The glass partition and concrete wall were
physical barriers to imminent harm.  Plaintiff alleges that
Defendant spoke to him in an intimidating manner and told him to
behave.  Plaintiff does not allege that Defendant yelled at him
or threatened him in any way.  Officer Kapua-Allison's actions in
the first incident do not constitute an assault as a matter of
law.  See Wilk, 2007 WL 2482486, at *8 (Conn. Super. 2007) ("A
person's behavior must create a fear of imminent harm from an
objective standpoint, and even violent behavior accompanied by
threats has been held insufficient to state a claim for assault
absent some clear implication of imminent harm.").

As to the second incident which took place in the
breathalyzer test room, Plaintiff alleges similar facts.
Plaintiff alleges that Officer Kapua-Allison flipped papers
upside down and leaned menacingly toward him.  Plaintiff does not
allege how close the officer was to him.  Plaintiff does not

allege that Officer Kapua-Allison made any verbal threats or otherwise displayed conduct that would lead a reasonable person to believe that Plaintiff had reason to imminently apprehend harm.

The same is true as to Officer Gouveia.  Plaintiff alleges only that Officer Gouveia was standing "right next to a desk with what Plaintiff believe to be a taser." (Complaint at ¶ 16, ECF No. 1.)  Plaintiff does not allege that Officer Gouveia ever touched a taser, or in any way threatened Plaintiff with one.  It is unclear whether the possible taser was on the desk, in the desk, or ever even anywhere near Officer Gouveia's hand. Plaintiff cannot establish an assault claim based on his belief that there might have been a taser in the room.  If that were true, any individual could automatically have an assault claim against an officer based on the mere fact that the officer was carrying a gun.

Plaintiff's has failed to state a claim for assault as a matter of law.

## IV.  Fourth Cause of Action - False Imprisonment

In support of his false imprisonment claim, Plaintiff alleges that he was detained too long at the police station in Hilo, Hawaii. (ECF No. 1, ¶ 45.)  Plaintiff further complains that he was told that he could make a phone call at 6:00 a.m. on November 12, 2012, but that a phone call was not made for him

34

until that afternoon. (Id. ¶ 47.)

The essential elements for a false imprisonment claim are: "(1) the detention or restraint of one against his [or her] will, and (2) the unlawfulness of such detention or restraint." Reed v. City and County of Honolulu, 873 P.2d 98, 109 (Haw. 1994) (internal quotation marks and citation omitted).

Plaintiff cannot establish that his detention was unlawful. In light of the prior state criminal and administrative proceedings, it is undisputed that probable cause existed to arrest and detain Plaintiff. See Reed, 873 P.2d at 109 (determination of probable cause at preliminary hearing in criminal action barred arrestees' subsequent false imprisonment claim in civil action); House v. Ane, 538 P.2d 320, 325-26 (Haw. 1975) (holding that conviction in criminal case conclusively established the existence of probable cause in subsequent false imprisonment action). Further, Plaintiff's allegation that he was not able to make a phone call until the early afternoon is not a basis for a false imprisonment claim.

Plaintiff has not stated, and cannot state, a false imprisonment claim as a matter of law.

## V.    Fifth Cause of Action - Negligence Claim

Plaintiff alleges that Officers Kapua-Allison and Gouveia, along with the County of Hawaii, as their supervisor, are liable for Officers Kapua-Allison and Gouveia's allegedly negligent

conduct. (Complaint at ¶¶ 48-50, ECF No. 1.)  Plaintiff alleges that the police officers committed their allegedly negligent conduct within the scope of their employment.

Plaintiff's negligence claim fails as a matter of law as to all Defendants.  Officers Kapua-Allison and Gouveia are entitled to a conditional privilege protecting them from liability for negligence.  The conditional privilege immunizes government officials from liability for tortious acts unless they were motivated by malice.  Towse v. State, 647 P.2d 696, 702 (Haw. 1982).  For purposes of applying the conditional privilege, "malice is defined as the intent, without justification or excuse, to commit a wrongful act, reckless disregard of the law or of a person's legal rights, and ill will; wickedness of heart." Winchester-Sye v. County of Hawaii, Civ. No. 12-00592 ACK-KSC, 2014 WL 5465308, at *10 (D. Haw. Oct. 27, 2014) (citation, internal quotation marks and brackets omitted); Long v. Yomes, Civ. No. 11-00136 ACK-KSC, 2011 WL 4412847 at *6 (D. Haw. 2011) (In order for a plaintiff to prevail in a state tort action against a nonjudicial government official, the plaintiff must "allege and demonstrate by clear and convincing proof that the official was motivated by malice and not by an otherwise proper purpose.").

Plaintiff has not alleged that Officers Kapua-Allison and Gouveia acted with the requisite malice.  Because Plaintiff

36

cannot state a negligence claim against Officers Kapua-Allison and Gouveia, Plaintiff has likewise failed to state a claim against the County of Hawaii on this ground.

Plaintiff's negligence claim fails as a matter of law.

**Leave to Amend**

"Dismissal of a complaint without leave to amend is proper where it is clear that the complaint could not be saved by amendment." <u>Cooper</u>, 704 F.3d at 783.

Plaintiff's claims in causes of action one (federal and state constitutional claims), two (abuse of process), four (false imprisonment), and five (negligence) cannot be saved by amendment as there is no legal basis under which Plaintiff could bring these claims.  These causes of action are dismissed with prejudice.

Plaintiff has also failed to state a claim for assault as a matter of law.  Although it is doubtful that Plaintiff could amend his complaint to add the facts necessary to state a claim for assault, Plaintiff's assault claim is the only claim for which allowing Plaintiff leave to amend would arguably not be futile.  Because this is Plaintiff's first Complaint, the Court will dismiss Plaintiff's third cause of action for assault, without prejudice.

Because the Court dismisses Plaintiff's constitutional claims with prejudice there is no longer a basis for federal

37

question jurisdiction.  Nor is there a basis for diversity jurisdiction because there is no diversity between the Plaintiff and Defendants, all of whom are Hawaii residents.  The Court declines to exercise supplemental jurisdiction over Plaintiff's state tort law claim for assault in the event Plaintiff were to re-allege this claim.  Accordingly, rather than granting leave to amend, the Court dismisses Plaintiff's third cause of action for assault without prejudice.  Plaintiff may bring an assault claim in state court if he believes that he has grounds to do so.

<u>**CONCLUSION**</u>

Defendants' Motion to Dismiss (ECF No. 24) is **GRANTED.**

Plaintiff is **DENIED** leave to amend.

Causes of Action One (federal and state constitutional claims), Two (abuse of process), Four (false imprisonment), and Five (negligence) are **DISMISSED WITH PREJUDICE.**

Cause of Action Three (assault) is **DISMISSED WITHOUT PREJUDICE.**

There being no remaining claims or parties, this case is now **CLOSED**.


IT IS SO ORDERED.


DATED: September 18, 2015, Honolulu, Hawaii.



   /s/ Helen Gillmor

Helen Gillmor
United States District Judge


Brian J. P. O'Connor v. Christopher Kapua-Allison; Joshua H. F. Gouveia; County of Hawaii; John Does 1-10; Civ. No. 14-00507 HG-KSC; **AMENDED ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (ECF NO. 24) AND DENYING LEAVE TO AMEND**